UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **TONY D DAVIS #2045652** | **CASE NO. 3:19-CV-00841 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OUACHITA CORRECTIONAL CENTER ET AL** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment [doc. # 28] filed by plaintiff Tony Davis. Because, as is shown in Defendant's response to Davis's motion, Davis failed to exhaust administrative remedies, it is recommended that Davis's motion be **DENIED** and that his claims be **DISMISSED WITH PREJUDICE**.

## Background

Tony Davis, a prisoner at Ouachita Correctional Center. Davis filed this Section 1983 suit on June 28, 2019. [doc. # 1]. On August 30, 2019, Davis filed an amended complaint. [doc. # 3]. On September 26, 2019, the undersigned recommended:

> To the extent Davis raises claims on behalf of other prisoners, the claims be DISMISSED WITHOUT PREJUDICE for lack of standing and as frivolous. IT IS FURTHER RECOMMENDED that, with the exception of Plaintiff's conditions-of-confinement claims against Sheriff Jay Russell and Warden Pat Johnson concerning mold, mildew, fungus, and bacteria, Plaintiff's remaining claims be DISMISSED WITH PREJUDICE as frivolous and for failing to state claims on which relief may be granted.

[doc. # 10]. On October 9, 2019, District Judge Doughty adopted the recommendation. [doc. # 13]. Thus, Davis's only remaining claim is the conditions-of-confinement claim "concerning mold, mildew, fungus, and bacteria."

On June 30, 2020, Davis filed a motion for summary judgment. [doc. # 28]. On July 28, 2020, defendants filed their memorandum in opposition, raising the failure to exhaust issue. [doc. # 37]. Per the notice of motion setting, Davis had until August 4, 2020, to file a reply, but did not. [doc. # 29]. The matter is ripe.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the court shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if proof of its existence or nonexistence would affect the outcome of the lawsuit under the applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden in a motion for summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits that no genuine issue of material fact exists. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, the non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Law and Analysis

Pursuant to 42 § U.S.C. 1997(e), as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 § U.S.C. 1997e(a). Exhaustion is mandatory and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, regardless of whether they are speedy and effective. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The pertinent inquiry is not whether the prisoner has pursued his administrative remedies reasonably and in good faith, but whether he has exhausted all remedies that are available. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998).

"The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008)(unpubl.)(citation omitted). Since exhaustion is an affirmative defense, the burden is on the defendants to establish that the plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Inmates are not required to plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007).

At the Ouachita Correctional Center, the inmate initiates the administrative process by filing a letter with the warden; the letter should state the problem and the desired relief. 22 LAC Pt I, § 325 (G)(1)(a). This letter is known as an ARP. The ARP must be filed with the Warden

within ninety (90) days of the alleged incident. *Id*. The warden of the institution shall respond to the inmate within 40 days from the date the request is received, which concludes the first step of the administrative process. §325(J)(1)(a). If the inmate is dissatisfied with the outcome of this first step then he may appeal to the secretary of the Department of Public Safety and Corrections by indicating that he is not satisfied in the appropriate space on the response form and forwarding his dissatisfaction to the ARP screening officer within 5 days of receipt of the decision. §325(J)(1)(a). This second step is concluded when a final decision is made by the secretary and the inmate is notified within 45 days of receipt. §325(J)(1)(b). Only after the completion of both steps, and each element thereof, may the inmate file suit in district court. §325(F)(3)(a)(viii).

To succeed on his summary judgment motion, Davis must show he exhausted his administrative remedies. In his complaint, Davis claims he wrote "a grievance concerning the mold in the showers in July of 2018, but [he] did not receive a response or [his] grievance back." [doc. # 9, p. 4]. He adds that "there is a conflict of interest in the 'Administrative Remedy Procedure' at this facility," because a "majority of the staff members are family or friends which results in ARP's being lost, not answered in the required time period, or answered with a sarcastic remark but not remedying or addressing the problem." *Id*. at 4-5. But he does not provide any evidence that he did file a grievance about this claim.

Both the plaintiff and defendants have attached copies of plaintiff's inmate folder which contains the grievances he filed. There is no record of a grievance in which he raises a complaint regarding his sole remaining conditions-of-confinement claim, nor is there any other evidence that Davis exhausted his administrative remedies. Davis attaches multiple grievances he filed with the prison, but nowhere therein does he mention exposure to mold, mildew, fungus, or bacteria. In

4

fact, as defendants point out, Davis attaches a maintenance request that described the <u>sanitation</u> of the area complained about in this matter. [doc. # 28-1, pp. 32-33].

Under the PLRA, Davis was required to exhaust his administrative remedies with OCC; however, the evidence before the court shows that he did not even file an initial grievance with the warden regarding the remaining issues, much less exhaust all available steps. Accordingly, his claim must be dismissed. Of course, if plaintiff has evidence that he in fact completed the administrative process, he can provide evidence of such in his objection to the report and recommendation.

Even assuming *arguendo,* that Davis had exhausted his administrative remedies, his motion for summary judgment would still fail. Complaints about prison conditions are analyzed under the Eighth Amendment which proscribes cruel and unusual punishment. Federal courts employ a two-part test to determine whether a prisoner has established an Eighth Amendment violation. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). First, the condition must pose a risk of substantial harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Id.*

In the instant case, there is no evidence that Davis complained of, or that the defendants were aware of, any substantial risk of harm caused by mildew, fungus, mold, and/or bacteria. To succeed on his motion, Davis must at least point to evidence showing the defendants ignored his complaints. He fails to provide any evidence that establishes deliberate indifference. Thus, even on the merits, his motion for summary judgment should be denied.

## Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** plaintiff Tony Davis's motion for summary judgment be **DENIED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 18th day of August 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

,